UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONNIE BEE CISLO *et al.*,

                Plaintiffs,

      v.                               CAUSE NO. 3:19-CV-657-DRL-MGG

CAMERON B. PRICE *et al.*,

                Defendants.

<u>OPINION & ORDER</u>

Ronnie Bee Cislo, a prisoner without a lawyer, filed a complaint attempting to assert not only his claim, but also the claims of others and asking to proceed as a class action. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Cislo wants this case certified as a class action, but it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also*

*Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). The claims of others must be dismissed, and the request to proceed as a class action denied.

As for his own claims, the complaint is confusing. Mr. Cislo alleges he was stopped by Officer Cameron B. Price on June 11, 2019. Officer Price says it was because Mr. Cislo did not stop for a stop sign. Mr. Cislo says he did stop. Mr. Cislo says the stop was because of a tip Officer Price received from his girlfriend and drug dealer, Joy Naomi Feare. It is unclear if she was the girlfriend of Officer Price or Mr. Cislo, or both. The complaint alleges the tip was received through social media, but it is unclear whether it was a public post, or a private message. It is unclear what the tip was about. Mr. Cislo alleges Officer Price illegally searched and seized him. It is unclear how he was searched, what was found, whether he was arrested – and if so, why. Mr. Cislo alleges Officer Price falsified his probable cause affidavit, but it is unclear what he said, why he wrote it, and for what it was used.

As written, the complaint does not present sufficient facts to state a plausible claim. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Mr. Cislo has additional facts about the June 11, 2019, traffic stop, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If he has a copy of the probable cause affidavit, he should attach it to the amended complaint. To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes and signs that form, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Ronnie Bee Cislo until **October 30, 2020** to file an amended complaint on a Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form; and

(2) CAUTIONS Ronnie Bee Cislo if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

September 18, 2020                             *s/ Damon R. Leichty*
                                              Judge, United States District Court