UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONNIE BEE CISLO *et al.*,

    Plaintiffs,

v.       CAUSE NO. 3:19-CV-657 DRL-MGG

CAMERON B. PRICE,

    Defendant.

OPINION AND ORDER

Ronnie Bee Cislo, a prisoner without a lawyer, filed a complaint alleging LaPorte Police Officer Cameron B. Price violated his constitutional rights (ECF 35). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Cislo alleges he was a passenger in a car that was illegally stopped. Officer Price said the car had not stopped at a stop sign. Mr. Cislo does not dispute that would have been probable cause. Rather he alleges that statement was false. He says the reason

Officer Price stopped the car was because their mutual girlfriend (who was a drug dealer) told Officer Price she had delivered narcotics to Mr. Cislo and he had them in the car. However, if that is true, then Officer Price had probable cause to believe Mr. Cislo had illegal drugs.

> Probable cause is not a high standard. It simply means there is a reasonable likelihood evidence of wrongdoing will be found. Probable cause exists when the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found. Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is a flexible, common-sense, totality-of-the-circumstances standard.

*United States v. Schenck*, 3 F.4h 943, 946 (7th Cir. 2021) (quotation marks, ellipsis, and citations omitted).

Moreover, it is irrelevant Officer Price did not say that was the reason he stopped the car. In *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004), the Supreme Court rejected "[t]he rule that the offense establishing probable cause must be 'closely related' to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest." *Williams v. Rodriguez*, 509 F.3d 392, 399 (7th Cir. 2007) (quoting *Davenpeck*). Thus, "the issue is whether a reasonable officer, with the same information known to Officer [Price] at the time, would have had probable cause to arrest [Mr. Cislo] for any offense." *Williams v. Rodriguez*, 509 F.3d 392, 399 (7th Cir. 2007). Because the complaint alleges Officer Price had probable cause to believe Mr. Cislo had illegal narcotics, the complaint does not state a Fourth Amendment unreasonable seizure claim based on Officer Price stopping the car.

Mr. Cislo alleges once the car was stopped, Officer Price violently pulled him out of the car and submerged him in water so he could not breath. The question in Fourth

2

Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. Here, depending on what Mr. Cislo was doing, Officer Price may have been justified in violently pulling him out of the car and submerging him under water. However, as alleged, the complaint states a claim for an excessive use of force in violation of the Fourth Amendment.

Mr. Cislo alleges Officer Price made false statements in his probable cause affidavit.

> An officer violates the Fourth Amendment if he intentionally or recklessly includes false statements in a warrant application and those false statements were material to a finding of probable cause. An officer similarly violates the Fourth Amendment if he intentionally or recklessly withholds material information from a probable cause affidavit. We use a straightforward method to determine whether the alleged lies or omissions are material: We eliminate the alleged false statements, incorporate any allegedly omitted facts, and then evaluate whether the resulting hypothetical affidavit would establish probable cause.

*Rainsberger v. Benner*, 913 F.3d 640, 647 (7th Cir. 2019) (citations and quotation marks omitted). Here, the complaint alleges Officer Price falsely said the car did not stop at a stop sign. What the complaint does not say is why – without the allegedly false statement

3

– the state court could not have found probable cause for whatever, unmentioned charges were filed against Mr. Cislo. Without a copy of the probable cause affidavit or a full description of it, it is impossible to plausibly infer the allegedly false statement about the stop sign was relevant.[1]

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

---

[1] If Mr. Cislo had been charged with running the stop sign, the allegedly false statement that he did not stop at the stop sign would be material. However, it is clear that was not the charge against him because he was a passenger, not the driver, and the complaint does not allege Officer Price falsely identified him as the driver.

Finally, Mr. Cislo alleges Officer Price improperly withheld the real reason he stopped the car as well as the name of the informant who said she had given narcotics to Mr. Cislo. These allegations attempt to base a civil right claim on a *Brady* violation. "The teachings of *Brady* are clear. In *Brady v. Maryland* [373 U.S. 83, 87 (1963)] itself the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Anderson v. City of Rockford*, 932 F.3d 494, 504 (7th Cir. 2019) (quotation marks, ellipsis, and citation omitted).

> While most commonly viewed as a prosecutor's duty to disclose to the defense, it is settled that the duty imposed by *Brady* extends to the police and requires that they similarly turn over exculpatory/impeaching evidence to the prosecutor.
>
> To prevail on a civil *Brady*-based due process claim against a police officer, a plaintiff must demonstrate that the evidence in question was favorable to him, the police suppressed the favorable evidence, and prejudice ensued because the suppressed evidence was material. Evidence is suppressed for *Brady* purposes if the prosecution failed to disclose evidence that it or law enforcement was aware of before it was too late for the defendant to make use of the evidence and the evidence was not otherwise available to the defendant through the exercise of reasonable diligence.

*Id*. at 504-505 (quotation marks and citations omitted). "To show that the suppressed evidence was material to the outcome of his trial, [the claimant] must demonstrate that there is a reasonable probability that the result would have been different had the suppressed evidence been put before the jury." *Goudy v. Cummings*, 922 F.3d 834, 842 (7th Cir. 2019) (quotation marks omitted).

Here, Mr. Cislo says the charges arising out of the traffic stop were dismissed by the state within weeks. He did not have a trial. The outcome of the trial he did not have

5

could not have been different if the information had been disclosed sooner. Because the charges were dismissed, Mr. Cislo became aware of the information before it was too late. Thus, he was not prejudiced. Information disclosed before it is too late is not a *Brady* violation.

For these reasons, the court:

(1) GRANTS Ronnie Bee Cislo leave to proceed against LaPorte Police Officer Cameron B. Price in his individual capacity for compensatory and punitive damages for violently pulling him out of a car and submerging him in water so he could not breath on June 11, 2019, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) LaPorte Police Officer Cameron B. Price at the Mayor's Office for the City of LaPorte, with a copy of this order and the amended complaint (ECF 35), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Mayor of the City of LaPorte to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), LaPorte Police Officer Cameron B. Price to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 23, 2021                                              *s/ Damon R. Leichty*
                                                                         Judge, United States District Court